Law Library

IN THE SUPERIOR COURT OF GUAM
SUPERIOR COURT
OF GUAM

2012 FEB 20 PM 2: 02

PEOPLE OF GUAM,                    )    CRIMINAL CASE NO. CM477-11
                                   )
          vs.                      )    **DECISION AND ORDER**
                                   )    (Motion to Dismiss)
NORMAN JUNIOR JAMES,               )
                                   )
                    Defendant.)
_____

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on December 22, 2011 for Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant was not present, but was represented by Attorney Ana Marie Gayle. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the oral arguments, briefs, and materials filed herein now renders the following decision.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo*, 2011 Guam 14 (hereinafter referred to as *Rasauo II*"), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on July 30, 2010 and given a notice to appear with a date of July 20, 2011. On April 15, 2011 the Complaint was filed and a Summons was issued on April 29, 2011 for an arraignment scheduled for June 22, 2010. Defendant failed to appear at the scheduled arraignment and a Bench Warrant was issued on June 30, 2011. The Bench Warrant was served on July 29, 2011 and he was ordered to appear for an arraignment on August 3,

2011. After one hundred ten (110) days had passed from the filing of the Complaint, Defendant appeared and was appointed counsel at the August 3, 2011 hearing. In order to provide Defendant the opportunity to meet and confer with counsel, the arraignment was continued until August 31, 2011, twenty-eight (28) days later. On August 31, 2011, the appointed counsel withdrew and a new counsel was appointed, and the Court again continued arraignment to provide Defendant the opportunity to meet and confer with his new counsel. Defendant was finally arraigned on September 7, 2011, which is more than sixty (60) days after the Complaint was filed.

The time between the Complaint and the Defendant's arraignment does violate the 60 day rule announced in *Rasauo II*. Therefore, the Court must review what days, if any, after June 14, 2011 constitutes good cause or if this case must be dismissed for the 60 day rule violation.

The People maintain that once a request for a summons is presented "the People retain no control over the court's decision about when to calendar the date on which a defendant is to return to court." People's Opp'n to Mot. to Dismiss, p.5 (Dec. 20, 2011). Thus, the People advocate that any delay attributed to the court's calendaring of an arraignment should be found to be good cause and not cause the case to be dismissed pursuant to *Rasauo II*. The Court disagrees that a bright line rule of any delay caused by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II*. *Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers … to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See e.g. People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012). Since the onus is on all judicial officers, in addition to the prosecuting attorneys, to ensure that a defendant is promptly arraigned, the Court holds that the delay created by the Court scheduling the arraignment date after more than sixty (60) days had passed from the filing of the Complaint is not good cause. The Defendant was not promptly arraigned; therefore, this case must be dismissed. *Rasauo*, 2011 Guam 14.

---

[1] This holding is hereinafter referred to as the "60 day rule."

While not necessary for this decision, for purposes of thoroughness, the Court finds that the any delay caused by a defendant's failure to appear at an arraignment that has been properly noticed[2] is good cause. Therefore, the delay of arraignment from June 22, 2011 to August 3, 2011 caused by Defendant's failure to appear is good cause for purposes of the 60 day rule. *People v. Flores*, 2009 Guam 22 ¶ 32 (citing *People v. Johnson,* 606 P.2d 738, 746 (Cal.1980)).

Additionally, the Court finds that twenty-eight (28) and seven (7) days are not, by themselves, an excessive amount of time for a court to provide a defendant to meet and confer with his attorney prior to being arraigned. Since the onus is on all judicial officers and the prosecuting attorneys to ensure that a defendant is promptly arraigned, the Court holds that reasonable time, in the context of a continued arraignment after a defendant is appointed counsel, means no more than thirty (30) days[3]. 8 GCA § 80.50(a). The Court finds that the delay between August 3, 2011 and the continued arraignment on August 31, 2011 and the second continuance of September 7, 2011 is reasonable and constitutes good cause. The Court assumes that the first appointed counsel was unable to meet and ensure that Defendant had the proper understanding and appreciation of the significance of the arraignment. Hence, it is appropriate to allow Defendant sufficient time to meet and confer with the newly appointed counsel, who does not have a conflict. Thus, the delay in this case due to time provided for Defendant to meet and confer with his attorneys is not unreasonable.

Lastly, the Court must determine if the dismissal should be with or without prejudice. The Court is persuaded by the People's argument[4] that the dismissal should be without prejudice. Guam's Supreme Court declined to hold that all violations of the 60 day rule requires a dismissal with prejudice. *Rasauo*, 2011 Guam 14 ¶ 16("The issue of whether or not the case should be dismissed with or without prejudice should be decided in the first instance by the trial court."). This is in contrast to other criminal cases Guam's Supreme Court has addressed, where

---

[2] Proper notice includes any of the following circumstances: (i) notice provided by a properly served summons, (ii) notice to appear is provided to a defendant, or (iii) notification that occurs when a defendant is present and hears the court determine the date and time of the continued arraignment.

[3] The Court encourages the arraignment judge to consider only granting continuances for a defendant to meet with appointed counsel of two (2) weeks or less in light of the *Rasauo II* decision; however, the Court accepts that up to thirty (30) days is reasonable.

the case was dismissed with prejudice based upon a finding that there was a statutory bar to re-prosecution of the defendants in those cases. *People v. Villapondo*, 1999 Guam 31; *People v. Palomo*, 1998 Guam 12. The People correctly assert that in this circumstance, there is not a statutory bar to re-prosecution, instead the 60 day rule is explicitly dependent on statutory interpretation. *Rasauo*, 2011 Guam 14 ¶ 13; *People v. Stephen*, 2009 Guam 8 ¶¶ 35-36.

Therefore, the Court considers "a showing of prejudice or any other factors" to determine if dismissal with prejudice is appropriate. *Palomo*, 1998 Guam 12 n.8(quoted by *Villapondo*, 1999 Guam 31 ¶ 52). *Cf.* 18 U.S.C. § 3162(a)(2). Defendant does not make a showing of prejudice, rather argues that dismissal without prejudice renders the meaning of Rasauo meaningless if the People can re-indict him in the future. *But see Stephen*, 2009 Guam 8 ¶ 11. Therefore, as there is not a showing of prejudice, the Court will look at other factors used to determine if dismissal with prejudice is required here.

"Dismissal of an indictment is a disfavored remedy. ... Indictments are rarely dismissed for alleged government misconduct which occurs outside the Complaint process because such misconduct must be "grossly shocking and so outrageous as to violate the universal sense of justice.'" *People v. Marada*, 1995 WL 604365, *1 (D. Guam App. Div. Sep. 18, 1995)(internal citations omitted). *See also Stephens*, 2009 Guam 8 ¶ 21(discussing dismissal for unnecessary delay should occur "only in extreme circumstances"); *People v. Gutierrez*, 2005 Guam 19 ¶¶ 61-70(discussing dismissal based on finding the People acted in bad faith). In this case, there is no alleged government misconduct or bad faith on the part of the People[5]. Instead, there is a violation of the 60 day rule, which was recently announced in *Rasauo II*, which requires dismissal, but not necessarily dismissal with prejudice.

Additionally, dismissal with prejudice is sometimes used by Courts to send a strong message to prosecutors who have consistently violated defendants' rights and force them to reduce pretrial delays in general. *U.S. v. Perez*, 2011 WL 2294194, *3 (D. Ct. Guam Jun. 8, 2011). *Stephens*, 2009 Guam 8 ¶ 21("If a court is to apply the harsh rule of dismissing a

---

[4] This issue was raised orally, not in the written opposition.

criminal case with prejudice... it must either establish local rules ... or warn the prosecution that further delay could jeopardize the case."). However, the violation of a defendant's prompt arraignment right is not an issue this Court has been asked to address in relation to arraignments that occurred after *Rasauo II* was issued. Instead, this Court is merely addressing motions to dismiss based on delays that occurred before the 60 day rule was announced, leading this Court to believe that the People do not require a strong message from this Court to ensure that they are now respecting a defendant's right to prompt arraignment. This factor weighs in favor of dismissal without prejudice.

Further, in this circumstance, dismissal without prejudice can not be seen as condoning the People's behavior, because neither the People nor the Court were aware of the 60 day rule at the time of the delay of the Defendant's prompt arraignment. *Id.* This factor weighs in favor of dismissal without prejudice.

In this scenario, Defendant's constitutional rights are not implicated, thus the Court should weigh the violation of Defendant's right to a prompt arraignment with the competing interest "of society to be secure from crime through the regular enforcement of the criminal laws." *Gutierrez*, 2005 Guam 19 ¶ 68(internal citation and quotation omitted). Upon balancing these factors as well as taking into consideration of lack of showing of prejudice the Court determines that dismissal without prejudice is most appropriate.

//

//

//

---

[5] All of the procedural facts of this case occurred before the promulgation of *Rasauo II*, therefore, there can be no finding that the People intentionally violated the 60 day rule.

In conclusion, the days between the filing of the Complaint and Defendant's first appearance do violate the 60 day rule, and no good cause is shown. As indicated above, the delay caused by Defendant's failure to appear is good cause as are the days between Defendant's first appearance and Defendant's actual arraignment is not an unreasonable delay and is good cause. Nonetheless, since there is not good cause shown for the entire duration of the violation of the 60 day rule, Defendant's Motion is GRANTED in part. *Rasauo*, 2011 Guam 14 ¶ 16. The Court finds that Defendant was not promptly arraigned pursuant to 8 GCA § 60.10(a); therefore, the Court is DISMISSING this case without prejudice.

**IT IS SO ORDERED** this __ of February, 2012.

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

FEB 2 0 2012

*Glenric J. Mendiola*
Deputy Clerk, Superior Court of Guam